IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GABRIEL Q. FRAZIER,           )
AIS # 273939,                 )
                              )
        Plaintiff,            )
                              )
    v.                        )      CASE NO. 2:26-CV-230-WKW
                              )              [WO]
EASTERLING PRISON, *et al.*,  )
                              )
        Defendants.           )

## **ORDER**

Plaintiff Gabriel Q. Frazier, an inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1.) Along with his complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis* (IFP). (Doc. # 2.) However, Plaintiff's IFP application was not accompanied by a certified prison account statement as required by 28 U.S.C. § 1915(a)(2). By Order dated April 2, 2026, Plaintiff was instructed to file his prison account statement from the inmate account clerk showing the average balance in and monthly deposits to his prison account for the six-month period immediately preceding the filing of his complaint. (Doc. # 3 ("April 2 Order").) The April 2 Order set a deadline of April 23, 2026, for Plaintiff to file his prison account statement and expressly cautioned Plaintiff that his failure to comply would, without further notice, result in dismissal for failure to prosecute and comply with an order of the court. (Doc. # 3 at 1–2.)

To date, Plaintiff has not filed his prison account statement as directed. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a

finding of willfulness or bad faith because its consequences are less severe."
*McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the April 2 Order, despite its express directives and warnings, and because this case cannot proceed without either prepayment of the requisite filing fees or the granting of IFP status, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 7th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
